FRANK HARVEY FIELD, Respondent, *v.* JOSIAH J. WHITE, Appellant.

*Appeal — an order directing that a previous order "stand and remain in full force and effect," when not appealable — effect of an order directing "that the motion to punish the judgment debtor for contempt is granted unless" he appear, etc.*

An order directing a previous order to "stand and remain in full force and effect," which previous order was made upon an application to punish a judgment debtor for contempt of court in having failed to obey an order requiring him to appear for examination in proceedings supplementary to execution, and directed "that the motion to punish the judgment debtor for contempt is granted unless said judgment debtor appear before me and submit to an examination on the 31st day of October, 1904, at 10 o'clock in the forenoon of that day and pay the sum of ten dollars ($10) costs to the judgment creditor, Frank Harvey Field, at his office, 44 Court Street, in the Borough of Brooklyn, City of New York, above named, on or before his appearance for said examination in supplementary proceedings herein," is not appealable by the judgment debtor to the Appellate Division, as the previous order did not contain any positive adjudication adverse to the defendant and consequently did not affect any of his substantial rights.

APPEAL by the defendant, Josiah J. White, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 1st day of November, 1904, denying the defendant's motion to resettle a prior order entered in said clerk's office on the 27th day of October, 1904, and directing that said prior order stand and remain in full force and effect, and commanding the defendant to appear and submit to an examination in supplementary proceedings.

*E. H. Benn,* for the appellant.

*G. Burchard Smith* [*Frank Harvey Field* with him on the brief], for the respondent.

WILLARD BARTLETT, J. :

The order appealed from directs a previous· order to " stand and remain in full force and effect." An examination of that previous order shows that it was made upon an application to punish the defendant as a judgment debtor for contempt of court in having failed to obey an order in supplementary proceedings. The order was entered on the 27th day of October, 1904, at a Special Term of the Supreme Court held in Kings county by Mr. Justice WILMOT M. SMITH ; and the mandatory portion of the order reads as follows : " Ordered, that the motion to punish the judgment debtor for contempt is granted unless said judgment debtor appear before me and submit to an· examination on the 31st day of October, 1904, at 10 o'clock in the forenoon of that day and pay the sum of ten dollars (\$10) costs to the judgment creditor, Frank Harvey Field, at his office 44 Court Street, in the Borough of Brooklyn, City of New York, above named, on or before his appearance for said examination in supplementary proceedings herein." ·

It will be observed that the language of this order does not import any clear or positive adjudication adverse to the judgment debtor. The proceeding in which it was made must be deemed a proceeding to punish a contempt of court under title 3 of chapter 17 of the Code of Civil Procedure, sections 2266 to 2292, inclusive. Neither the order of November 1, 1904, which is directly appealed from, nor the order of October 27, 1904, which was thereby continued in effect, contains any such determination that the judgment debtor has been guilty of contempt as is required by the title to which I have referred. Section 2281 of the Code of Civil Procedure prescribes the character of the final order which must be made in a contempt proceeding when it is determined that the accused has committed the offense charged, and that it was calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies of a party. Neither of the orders now brought up for review is of this character. Neither contains any determination that the accused has committed the offense charged. Neither declares that the contempt was calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies of a party ; nor, indeed, is there anything contained in the papers brought before us by this record which would have sustained or authorized such a conclusion. The order of October 27, 1904,

declaring that the motion to punish the judgment debtor for contempt is granted unless he appear and submit to an examination in supplementary proceedings, as therein provided for, is really not a final order in contempt proceedings at all, but nothing more than a judicial declaration to the effect that if the judgment debtor does not appear at a subsequent time fixed by the order, the court will then proceed to adjudge him guilty of contempt. Such an order really does the appellant here no harm. It does not affect any substantial right. Nothing can be done under the order, as it stands, to the detriment of the defendant, without further judicial action. Such action, it is true, may be taken upon proof of his failure to appear and be examined in supplementary proceedings, and pay the ten dollars costs imposed upon him ; but we cannot assume that it will be taken except upon an order to show cause which will give him due notice, inasmuch as the granting of a final order under section 2281 of the Code of Civil Procedure, adjudging him guilty of contempt, could not properly be made without evidence that the defendant's misconduct was calculated to impair or actually had impaired the rights or remedies of the plaintiff — and, as already pointed out, there is no evidence to that effect in these papers.

Our conclusion is that, for the foregoing reasons, the appeal should be dismissed, without costs.

WOODWARD, JENKS, RICH and MILLER, JJ., concurred.

Appeal dismissed, without costs.