■ In the Matter of HARRY TAMBERG, Petitioner, v. WILFRED A. WALTEMADE, a Justice of the Supreme Court, State of New York, Borough of The Bronx, Respondent.— Order, entered on September 18, 1963 by respondent, as a Justice of the Supreme Court, adjudging petitioner guilty of a criminal contempt and fixing punishment of three days' imprisonment in the civil jail, unanimously annulled on the law, without costs, and the mandate vacated. The finding of criminal contempt is predicated upon allegedly false and inconsistent testimony given by petitioner as a defendant in the trial of a negligence case before respondent. The mandate declares that " there was a willful act by the defendant to mislead the court and to hold it up to ridicule and that the defendant's conduct was, therefore, insolent and contemptuous ". Primarily, the record does not establish that petitioner was deliberately trifling with the court in his testimony

regarding his residence. Considering that this was petitioner's initial appearance in a court, and taking into account his age and comparative lack of formal education, it cannot be said that petitioner's explanation for the inconsistent testimony as to residence was patently false and wholly implausible. However, even assuming that petitioner's protestations of good faith were properly rejected and that the petitioner's testimony was false, there was no proof that the perjury obstructed the court in the performance of its duty. False testimony alone is not punishable summarily as a criminal contempt. (*People ex rel. Valenti* v. *McCloskey*, 6 N Y 2d 390, 398, app. dismd. 361 U. S. 534.) To constitute criminal contempt, false testimony must be given with an intent to obstruct the court in the performance of its duty. (*People* v. *Shapolsky*, 8 A D 2d 122, 128; *Matter of Finkel* v. *McCook*, 247 App. Div. 57, 63, affd. 271 N. Y. 636; *Ex parte Hudgings*, 249 U. S. 378, 383; see, also, Ann.: Perjury as Contempt, 89 A. L. R. 2d 1258.) There is no basis in the record before us to warrant a conclusion that the court was justifiably convinced that the performance of its duties was being obstructed by the false testimony. Hence, the drastic remedy of criminal contempt should have been withheld. As BLACK, J., said in *Matter of Michael* (326 U. S. 224, 227): "All perjured relevant testimony is at war with justice, since it may produce a judgment not resting on truth. Therefore it cannot be denied that it tends to defeat the sole ultimate objective of a trial. It need not necessarily, however, obstruct or halt the judicial process." Since the essential element of obstruction of the court in the performance of its duties and functions was lacking, the alleged false swearing could not be transmuted into criminal contempt. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.