THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS RENAGHAN, Appellant.

First Department, November 28, 1972.

*Andrew M. Lawler, Jr.,* of counsel (*McGuire & Lawler,* attorneys), for appellant.

*David L. Levinson* of counsel (*Michael R. Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

McNALLY, J. Defendant appeals from a judgment of Supreme Court, New York County, rendered March 23, 1972 (LANE, J., and a jury), convicting him of one count of criminal contempt as a misdemeanor (Penal Law, § 215.50, subd. 4) and sentencing him to a four-month term of imprisonment.

In April of 1970, a New York County Grand Jury commenced an investigation of the crimes of " bribery, loan-sharking and usury, and violation of the gambling laws, as well as conspiracy to commit these crimes." The Grand Jury also sought information as to whether members of the Police Department were involved in the conspiracy. To that end, Thomas Renaghan, defendant herein and the former Assistant Chief Inspector in charge of the Narcotics Division of the New York City Police Department, who had retired from the department on October 23, 1969, after 40 years of service, on May 21, 1970 voluntarily appeared as a witness before the Grand Jury pursuant to a telephonic request from the District Attorney's office.

Specifically, the Grand Jury was concerned with Renaghan's relations with Hugh Mulligan, a " known criminal ", and Mulligan's efforts to have defendant transfer Detective Lawrence Sangiriardi to the Special Investigating Unit [S.I.U.] — an intelligence and major narcotic investigatory unit under Renaghan's direct supervision. As a result of his testimony, Renaghan was indicted for two counts of contempt. He was charged with contumacious and· unlawful refusal to answer " legal and proper interrogations in that he gave conspicuously unbelievable, inconsistent, evasive, equivocal and patently false answers " relating to whether one Detective Keeley had told Renaghan that Hugh Mulligan would like to have Detective Sangiriardi transferred to S.I.U. [count one] and whether Keeley told Renaghan that Mulligan would give Renaghan " a suit " in appreciation for Renaghan's transfer of Detective Sangiriardi to the S.I.U. [count two]. Defendant was convicted of criminal contempt under count one and acquitted under count two.

The People's case was established through the testimony of Laurence Whittemore, the Grand Jury Foreman, and the Grand

Jury minutes of defendant's May 21, 1970 appearance. The defendant testified in his own behalf and called 12 character witnesses.

Defendant challenges his conviction on the ground, among others, that his answers to the relevant questions were sufficiently unequivocal and, therefore, as matter of law the conviction for contempt cannot stand.

We reverse the conviction and dismiss the indictment. Count one charges refusal to answer Grand Jury interrogatories as to whether Detective Keeley told defendant that one, Mulligan, would like Detective Sangiriardi transferred to S.I.U. Defendant testified before the Grand Jury that Detective Keeley made the request for the transfer. However, defendant denied he was told by Keeley that the transfer was sought at Mulligan's request.

Defendant's Grand Jury testimony was unequivocal that Mulligan did not directly or indirectly request the transfer. When pressed for a repetition of the unequivocal denial of Mulligan's involvement in the transfer request, defendant testified in substance he had no other recollection.

The unequivocal responses, if false, exposed defendant to a charge of perjury. Unless the record, without resort to external proof of falsity, indisputably shows the response is false and the clearly false testimony was given to obstruct the investigation of the Grand Jury, there is no basis for criminal contempt. (*People ex rel. Valenti* v. *McCloskey,* 6 N Y 2d 390, 403; *Matter of Finkel* v. *McCook,* 247 App. Div. 57, 63, affd. 271 N. Y. 636.)

If we did not dismiss the indictment, we would reverse and direct a new trial on the ground of prejudicial errors. Defendant sought to testify relative to his intent and state of mind at the time he was interrogated before the Grand Jury. The evidence was excluded as irrelevant. An essential ingredient of criminal contempt is the intent to obstruct justice. (*Matter of Finkel* v. *McCook, supra,* p. 62.) It was prejudicial error, therefore, to exclude defendant's testimony with regard thereto. (*People* v. *Levan,* 295 N. Y. 26, 32.)

It must be remembered that at no time during his appearance before the Grand Jury did the defendant ever refuse to answer any of the questions asked of him. The defendant's testimony terminated with the statement: " If there is any question that the ladies and gentlemen would care to ask me about what went on so far, I would be very glad to answer." In addition, he stated he would reappear before the Grand Jury at any time pursuant to a telephone call. Mr. Renaghan was never recalled

before the Grand Jury nor was any attempt made to question him at any time thereafter.

The admission of evidence of the invocation of defendant's privilege against self incrimination before the Grand Jury was prejudicial. (*People* v. *McCloskey, supra,* p. 397.) The defendant did not object to the admission of his testimony before the Grand Jury and offered to stipulate that he had been granted immunity. Implicit in the evidence of the defendant's claim of privilege is the purpose to evade the obligation to answer, which tends to attenuate the constitutional privilege against self incrimination.

It was error to charge that defendant improperly sought legal advice during his Grand Jury testimony. The defendant was accorded the right of consultation with his attorney. Hence, the trial court was not required to decide whether defendant's request for advice of counsel was proper in the circumstances. It is only when the request for advice of counsel is denied that its validity is required to be determined. (Cf. *People* v. *Ianniello,* 21 N Y 2d 418; *People* v. *Ward,* 37 A D 2d 174.)

Accordingly, for the reasons above stated, we reverse, on the law, the conviction and dismiss the indictment.

McGivern, J. P., Nunez, Kupferman and Eager, JJ., concur.

Judgment, Supreme Court, New York County, rendered on March 23, 1972, convicting defendant, after a jury trial, of criminal contempt as a misdemeanor, in violation of subdivision 4 of section 215.50 of the Penal Law, unanimously reversed, on the law, and the indictment dismissed.