Memorandum.
Defendant was charged with a violation of section 215.50 of the Penal Law for his alleged contumacious and unlawful refusal to answer certain questions during a Grand Jury investigation, in which it was claimed that he gave conspicuously evasive and patently false answers relating to whether a Detective Keeley told the defendant that Hugh Mulligan would like to have a Detective Sangiriardi assigned to a special investigative unit. On the record before us, including as it does defendant’s unequivocal denials of the District Attorney’s interrogatories-in this regard at the inception of the questioning, we cannot conclude that defendant’s answers were not a bona fide effort to answer the questions. Defendant’s initial responses to the District Attorney’s inquiries expressly, denied that he was told by Keeley that Mulligan requested the transfer of Sangiriardi. This explicit testimony was neither incredible as a matter of law nor patently false (cf. Matter of Ruskin v. Detken, 32 N Y 2d 293, 297), and if later shown to be false, could provide a sufficient basis for a perjury charge.. Accordingly, even if perjurious, the subsequent testimony could not properly be deemed a refusal to answer as was contemplated by section 215.50 of the Penal Law (People ex rel. Valenti v. McCloskey, 6 N Y 2d 390, 402-403; United States v. Appel, 211 F. 495). For whatever purpose and however the question was thereafter rephrased by the District Attorney, it had already been answered with firmness and without equivocation. In these circumstances there is no indication that defendant’s alleged failure to unequivocally respond to the rephrased questions or the same subject obstructed in any way the Grand Jury’ y ' ceedings (cf. Matter of Michael, 326 U. S. 224). In affirming,we ignore the offer made by defendant to return for further questioning at the conclusion of his testimony as it has no relevancy to the issue before us.
Judges Gabrielli, Jones, Wachtler, Rabin and Stevens concur in memorandum; Chief Judge Breitel and Judge Jasen *993 dissent and vote to reverse in the following memorándum: We would reverse and reinstate the indictment. A new trial is required, however, because of errors at the trial noted in the opinion at the Appellate Division. The indictment should be reinstated because á jury question was raised. The jury was entitled to find, as it undoubtedly did, that the persistent equivocations of the witness despite earlier formal, unqualified denials constituted a pattern of sophisticated evasion.
Order affirmed.