■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL MARTIN, Appellant.—Judgment, Supreme Court, New York County, rendered November 16, 1972, convicting defendant after a trial by jury of criminal contempt and sentencing him to a term of six months imprisonment, reversed, on the law, and a new trial directed. Defendant challenges his conviction on several grounds, only two of which require discussion. It is argued first that defendant's answers before the Grand Jury were sufficiently unequivocal so that he exposed himself to the charge of perjury and accordingly, the conviction for criminal contempt may not stand *(People v Renaghan,* 40 AD2d 150, affd 33 NY2d 991; *People ex rel Valenti v McCloskey,* 6 NY2d 390). Secondly, it is argued that the trial court committed reversible

error by preventing and restricting defendant from testifying with respect to his intent and state of mind when he appeared before the Grand Jury. We conclude that the first ground of error is without merit, but that the defendant is correct with regard to the second asserted claim of error. We find that the evidence was sufficient to support the jury's finding of guilt. Initially, defendant denied generally that he had any meetings with Hugh Mulligan during 1969. Yet, when thereafter asked if he was positive, he immediately retreated from his position and stated, "I don't recall. To the best of my recollection I don't recall seeing him any time during the year 1969." And thereafter, defendant consistently repeated his inability to "recall", despite the fact that he admitted that if there had been "three or four" meetings in 1969, he would have recalled at least one of them. Additionally, although defendant admitted that if he had met with Mulligan for more than one-half hour on any occasion during 1969, he would have remembered the meeting, subsequently, when asked about specific meeting on dates certain—all which allegedly lasted over one-half hour—appellant again failed to deny that those meetings had occurred, stating that he could not "recall"; "I just don't remember it"; "I don't deny it. I don't recall it at all." Moreover, upon the prosecutor's further detailed questioning concerning several meetings with Mulligan, defendant, when confronted with transcripts of telephone calls and particularized facts, was forced to admit that several meetings with Mulligan had transpired during 1969. But again, when questioned about those meetings, defendant again resorted to answers such as: "I don't deny it. I don't remember him saying that." Accordingly, based upon the record in its entirety and considering that defendant was being questioned upon matters relating to the recent past, involving unusual circumstances and which were admittedly concerned with events which should have left an impression upon the defendant (*United States v Appel*, 211 F 495, 496; see *People v Ianniello*, 21 NY2d 418, 427, cert den 393 US 827), we conclude that there was sufficient to find that the defendant's answers before the Grand Jury were "so false and evasive as to be equivalent to no answer at all" (*People ex rel Valenti v McCloskey*, 6 NY2d 390, 398). Despite the sufficiency of the evidence, as already indicated, a new trial is required in view of the trial court's failure to permit evidence with respect to defendant's intent and state of mind when he testified before the Grand Jury. In *People v Renaghan* (40 AD2d 150, 152, *supra*), this court stated, per McNally, J.: "The evidence was excluded as irrelevant. An essential ingredient of criminal contempt is the intent to obstruct justice. (*Matter of Finkel v McCook, supra*, p 62.) It was prejudicial error, therefore, to exclude defendant's testimony with regard thereto. (*People v Levan*, 295 NY 26, 32.)" The People, while admitting that if such evidence was excluded it would have been error, argue that in fact, the questions asked of the defendant by his attorney were not addressed to the issue of intent or state of mind and accordingly the People's objections to those questions were properly sustained. The record, however, does not support that conclusion but rather, it appears that counsel attempted to inquire as to defendant's intent when he answered the questions before the Grand Jury but that the People and the court took the position that the jury's determination, for the most part, was limited to what occurred in the Grand Jury room. Accordingly, the rule in *People v Renaghan (supra)*, was not followed and a new trial is required. Concur—Stevens, P. J., Kupferman, Tilzer and Capozzoli, JJ.; Nunez, J., dissents in the following memorandum: While I agree that the defendant had the right to testify relative to his intent and state of mind at the time he was interrogated before the Grand Jury (see *People v*

*Renaghan,* 40 AD2d 150, affd 33 NY2d 991), no questions were asked relevant to that issue. The District Attorney specifically stated to the court and defense counsel that he was not objecting to questions seeking to establish the defendant's state of mind before the Grand Jury. As I read the record the excluded questions did not seek to show defendant's intent. They were properly excluded. The issue of guilt or innocence was fairly tendered to the jury in a fair trial and under proper instructions. I would affirm.