■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LEONE, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 24, 1976, convicting him of criminal contempt in the first degree (six counts), upon a jury verdict, and imposing sentence. Judgment affirmed upon the opinion of Mr. Justice Donnelly at Criminal Term. Martuscello, Cohalan and Damiani, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse the judgment and dismiss the indictment, with the following memorandum: The defendant was convicted of criminal contempt in the first degree (six counts). He was indicted in May, 1973 for that crime, because he refused to answer questions before a Grand Jury in November, 1972. In July, 1974 the defendant moved in Criminal Term of the Supreme Court, Kings County (in which the indictment was triable), to permit him to appear before the same Grand Jury and to purge himself of the contempt "set forth in the indictment". That motion was granted and the order further provided that "all criminal proceedings under the within indictment be stayed" until the defendant appeared before the Grand Jury expeditiously and purged himself of the contempt. In July, 1975 the District Attorney brought the defendant before the Grand Jury and he answered the six questions which were the subject of the indictment. At the trial, Criminal Term refused to allow into evidence the order of the court permitting the defendant to purge himself and the fact that the defendant appeared before the Grand Jury and answered questions. An act constituting criminal contempt may be punishable by the court through contempt proceedings, or through indictment and conviction. But both procedures must not be pursued to the end that the defendant is doubly punished or prosecuted *(People v Colombo,* 31 NY2d 947, 949). Double jeopardy bars "successive prosecutions growing out of the same criminal transaction" *(Ashe v Swenson,* 397 US 436, 453–454). Usually a court, in finding conduct to be contumacious, at the same time affords the contemner an opportunity to purge himself (cf. *Application of O'Leary,* 50 NYS2d 556, app dsmd *sub nom. Matter of Costello,* 268 App Div 223). Doubtless the act of redemption represents a recognition of the essential ingredient of the intent to obstruct justice (within criminal contempt) (see

*People v Renaghan,* 40 AD2d 150, 152, affd 33 NY2d 991; cf. *Quinn v United States,* 349 US 155, 165; *Flaxer v United States,* 358 US 147, 151; *Yellin v United States,* 374 US 109, 121–122). In this case, Criminal Term provided the opportunity of redemption to the defendant, the District Attorney presented the defendant to the Grand Jury, and the defendant answered the questions. The defendant thus purged himself of the contempt and should not be now punished for the crime of criminal contempt arising out of the initial refusal to testify. The District Attorney took advantage of the defendant's willingness to testify, and, as was said in a different context, "The defendant having relied on what he was told to his disadvantage should not be penalized" *(People v De Feo,* 308 NY 595, 605). The District Attorney argues that he could not have appealed from the order allowing the defendant to purge himself, since it was made in a criminal proceeding, and no appeal lies from such an order under statute (see, e.g., *Matter of Alphonso C. [Morgenthau],* 38 NY2d 923). The District Attorney, by that argument, implicitly accepts the character of the order as part of the criminal proceedings. If, however, the order was beyond the power of the court to make, as the argument also advances, the order was reviewable by prohibition and could have been annulled, if the argument were upheld (see, e.g., *La Rocca v Lane,* 37 NY2d 575, 578–579). In any event, the District Attorney proceeded under the order, and the defendant should not be convicted for his contempt now forgiven. It is also my view that, assuming the subsequent purging of the contempt not to be a defense to the indictment, it was error for Criminal Term to refuse to admit into evidence the order of the court permitting the defendant to appear before the Grand Jury and his later appearance and testimony. These were actions taken as the result of the defendant's own urging and were properly to be considered by the jury in evaluating the intent of the defendant to obstruct justice.