■ In the Matter of AMELIO P. MARINO et al., Petitioners, v ALLEN M. MEYERS, Respondent.—Application by petitioners granted to the extent that their contempt is deemed purged and the $250 fine imposed on each is vacated, cross motion of the Attorney-General to dismiss the proceeding is

denied, all, without costs or disbursements. This court, in a previous decision (61 AD2d 938), held that "Petitioners' refusal to testify, as directed, was contumacious", that "they could not, in the first instance, refuse to testify", but provided petitioners with an opportunity to "purg[e]" themselves of contempt. In our opinion, petitioners, following this court's decision, purged themselves of contempt by taking the stand and testifying under oath before Justice Myers at the continued hearing herein concerning the circumstances under which they were retained by their client, a defendant in a criminal prosecution. The Trial Justice ruled that petitioners failed to purge themselves of contempt by invoking their constitutional privilege not to testify in response to certain questions, by giving "false" or "equivocal" testimony in response to other questions, and by improperly objecting to certain questions put by the Trial Justice. In our prior decision this court wrote: "If petitioners felt that some of the Court's proposed questions were beyond the scope of such inquiry or were otherwise objectionable, they could have objected, as they saw fit, to the impropriety thereof, as each question was put." They did that here. Moreover, whether an answer of the continued hearing was false or equivocal does not bear on the issue now before us, i.e., whether petitioners purged themselves of the adjudication of contempt which followed their refusal to take the stand and testify. Where there is a false answer under oath in a proceeding required by law a proper course which may be pursued is a prosecution for perjury (Penal Law, § 210.15). If the answer under oath is equivocal so as to amount to a refusal to answer a legal and proper interrogatory, such refusal may give rise to a prosecution for criminal contempt (Penal Law, § 215.50, subd 4) or a new adjudication of contempt (Judiciary Law, § 750, subd 5, criminal contempt). Finally, petitioners may not be penalized in this proceeding because a proper invocation of a constitutional privilege cannot be a predicate to a charge of contempt (see *People v Florentine,* 276 App Div 730; see, also, *People v Renaghan,* 40 AD2d 150, affd 33 NY2d 991). In the proceeding under review, each of the petitioners, by taking the stand and testifying under oath, complied with the opportunity to purge himself provided by the prior decision of this court (see definition of "purge", Black's Law Dictionary, [2d ed]). Concur—Lupiano, Birns and Lane, JJ.; Kupferman, J. P., and Fein, J., dissent in part in a memorandum by Kupferman, J. P., as follows: Petitioners did not act in a meaningful way to purge themselves of contempt.