OPINION OF THE COURT
Jones, J.
To sustain a conviction of criminal contempt in the first degree for refusal to answer questions before a Grand Jury, on the premise of contemptuously evasive responses to material questions, it is not necessary for the prosecution to establish that the event, conversation or other fact referred to in the questions did in fact occur.
Defendant, a practicing attorney, was charged with six counts of criminal contempt in violation of section 215.51 of the Penal Law arising out of his appearance and testimony before a Grand Jury investigating suspected misconduct of one Abram Brown, a law assistant in New York County Supreme Court. Defendant’s first trial ended when the jury was unable to reach a verdict and a mistrial was declared. On his second trial he was acquitted of two counts and again the jury was deadlocked on the other four counts. At his third trial, the present, the trial court dismissed one count, defendant was acquitted on two counts, and the jury returned a verdict of guilty on the remaining count. On appeal from this conviction the Appellate Division affirmed, without opinion. Permission to appeal to our court was granted by one of our members to consider an issue of first impression for us.
Defendant was asked whether Abe Brown had told him in words or substance that a fellow law assistant whom *182 Brown identified as his cousin was responsible for a particular decision (allegedly favorable to defendant’s client) and that this law assistant expected a payment of money from defendant. Defendant’s conviction was based on his four responses to that question, and its reiteration in substantially the same form, that he did not recall this conversation or statement. It is the People’s contention that these responses in the circumstances were patently evasive and sufficient to warrant a conviction for criminal contempt. The jury was charged that to find defendant guilty they must find that his responses to the questions asked of him were “the equivalent of refusals to testify”.
“Before you can find the defendant guilty of criminal contempt in the first degree, you must be satisfied beyond a reasonable doubt * * * that the defendant’s answers were so intentionally false and evasive as to be tantamount to a contumacious and unlawful refusal to answer.
“If you are not satisfied beyond a reasonable doubt as to [this element], you must find the defendant not guilty.”
Defendant first asserts that his answers stating that he had never been asked to give any money to a court official were sufficiently precise to foreclose a contempt conviction, citing our decision in People v Ranaghan (33 NY2d 991). It is accurate to characterize defendant’s answers and denials with respect to the underlying transaction as precise. That this argument is unavailing, however, in the present case stems from the distinction between the “happening” of an event and a “telling” about it — a differentiation between two discrete sets of questions. The questions on which this contempt conviction was predicated concerned Abe Brown’s alleged statement to defendant about the underlying transaction. Precision of response with respect to questions related to the transaction itself does not serve to offset uniform equivocation with respect to questions as to whether Abe Brown had made a statement to defendant about the transaction. In Renag han (in which by a divided court we upheld the Appellate Division’s reversal of a conviction of criminal contempt) the preclusive prior precision had related to the very question with *183 respect to which a conviction had been obtained for subsequent asserted evasiveness. Such is not the case here. We agree with the courts below that there is sufficient evidence in this record to sustain the jury’s verdict.[1]
Defendant places principal reliance for reversal on his conviction on the trial court’s refusal to charge in accordance with his explicit request: “In the first instance, it must, of course, be established by the evidence, beyond a reasonable doubt that the ‘event, conversation or other facts which the defendant claims he does not remember’ did, in fact, occur. Obviously, the law does not require a defendant to remember an event, a conversation or any other fact which may never have occurred at all”, a request which tracked almost verbatim the recommended charge set out in Criminal Jury Instructions (3 CJI [NY], Penal Law, §215.51, p 1650). The requested charge was properly denied, and the trial court correctly instructed the jury that “the People are not required to prove that the acts underlying the question actually occurred”.
As stated, the legal issue posed is one of first impression in our court. Counsel for defendant concedes that no decision of our court is in point and the draftsmen of Criminal Jury Instructions draw attention to no such case, although it does appear that in most, if not all, reported cases upholding convictions for evasive contempt there has in fact been proof of the underlying event, conversation or other fact. That this has been so, while relevant, is not determinative.
Conviction of “evasive contempt” must be based on a determination that there was a refusal to answer a material question before the Grand Jury; it does not suffice that the answer may be found to have been evasive or equivocal. Counsel for defendant readily concedes that a conviction would lie for answers such as “I refuse to answer” or its *184 express equivalent, as well as for failure to recall such unforgettable events as whether the witness was married (described by him as “clearly false on its face”). Conviction of the offense is not to be grounded, however, on the truth or falsity of the answer (to which proof of the underlying event, conversation or fact would be addressed), as would be the case were the defendant charged with perjury.[2] The essence of any conviction for evasive contempt is that the jury shall find beyond a reasonable doubt that the defendant’s response was intended as no answer at all and was thus tantamount to a refusal to answer (People v Ianniello, 36 NY2d 137, 142; People v Ianniello, 21 NY2d 418, 423, 427). It is only when the jury makes this determination that conviction for contempt is warranted. For this purpose it is unnecessary to determine whether the underlying event, conversation or fact did or did not occur.[3] It is not the content of the answer on which a conviction for contempt can be based; it is that in the circumstances in which the question is asked and the response given, whatever may be the normal denotation of the words spoken, the jury is warranted in concluding, as it did in this case, that the words were spoken with intent to evade making an answer. That conclusion can reasonably be reached without respect to whether the state of affairs assumed in the question did or did not exist.
In the present case, the jury might have concluded that defendant’s response, “I do not recall”, was an accurate statement of his failure to recollect or that it was intentionally false. In either of such events they could not have found defendant guilty of evasive contempt, and to reach either of those conclusions it would have been very important for the jury to know whether in fact Abe Brown had made the statement attributed to him. To have convicted defendant of the contempt charge, however, the jury must have found, in accordance with the instructions given by *185 the trial court, that defendant uttered and repeated his “failure to recall” with the intention of evading an answer to the questions asked. For purposes of making or rejecting that critical finding it was immaterial whether Abe Brown had ever said anything to do defendant. The trial court, therefore, properly refused to give the charge requested. Such a charge, if given, would have improperly led the jury into consideration of a collateral and extraneous issue of fact, and indeed, might inadvertently have led them to an unwarranted verdict on the contempt charge based on their evaluation of the truth or falsity of defendant’s answers.
We have examined defendant’s other contentions and find them to be without merit.
For the reasons stated, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli and Wachtler concur; Judges Fuchsberg and Meyer taking no part.
Order affirmed.

. Defendant also asserts that he was the victim of a “contempt trap”, an argument grounded, by analogy, on the concept of a perjury trap (cf., e.g., People v Tyler, 46 NY2d 251). As in the case of a perjury trap, however, the issue would ordinarily be one of fact to be submitted to the triers of fact for appropriate resolution (id., p 259). No such issue was submitted to the jury in this case, and on the record before us it cannot be concluded as a matter of law that there was a contempt trap.

. As was indicated in People v Renaghan (33 NY2d 991, supra), if the answer is unambiguous, criminal liability, if any, must be for perjury, not contempt.

. We do not suggest that evidence that the event, conversation or fact did occur would be inadmissible if offered by the People, or that evidence that it did not occur would be inadmissible if offered on behalf of the defendant.