(September 12, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH YACOVELLI, Appellant.—Judgment, Supreme Court, New York County (Rothwax, J., denying defendant's motion to dismiss indictment; Goodman, J., at jury trial), rendered October 10, 1984, convicting defendant of criminal contempt in the first degree and sentencing him to a term of imprisonment for six months plus a $500 fine—the sentence was stayed by the trial court—reversed, on the law, on the facts and the indictment dismissed.

Defendant was charged with giving equivocal, evasive, conspicuously unbelievable, and patently false testimony during a Grand Jury investigation into alleged gambling activities at a social club. Granted transactional immunity, he was asked some 130 questions seeking to prove his knowledge of gambling at the club and his participation in collecting a gambling debt. Many of the questions centered on a soundless videotape shown during defendant's testimony. It showed him and two other men talking in the club's courtyard.

We find that defendant's answers were not contemptuous because they were sufficiently explicit to provide a basis for a perjury charge were they shown to be false (*see, People v Renaghan,* 33 NY2d 991). When asked if he knew what a policy game is, defendant answered, " 'No, sir, I don't know nothing about gambling.' " When asked if he had persuaded another to cover a bettor's gambling debt, defendant responded, "No, sir'. When asked if a numbers game was being conducted at the club, he replied, " 'I don't know that.' " Defendant stated unequivocally that he had never witnessed bets being taken at the club nor gambling receipts being counted there. As to the videotape, he steadfastly maintained under repeated questioning that he had been at the club that day to borrow $2,000 from one of the men in the film, and that, after he received the money, he paid no attention to the conversation of the others. These direct answers belie criminal contempt. Defendant's answers only became nonresponsive and argumentative when the continued questioning made it

apparent that the District Attorney did not believe him. Concur—Murphy, P. J., Ross, Carro, Lynch and Ellerin, JJ.