■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELBIE HARRIS, Appellant.—Appeal by the defendant from 22 judgments of the Supreme Court, Queens County (Agresta, J.), all rendered December 22, 1982.

Ordered that the judgments are affirmed *(see, People v Pellegrino,* 60 NY2d 636; *People v Harris,* 61 NY2d 9; *People v Kazepis,* 101 AD2d 816). Mollen, P. J., Bracken, Lawrence, Kooper and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD IGNATOW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered October 7, 1985, convicting him of criminal contempt in the first degree, upon a jury verdict, and imposing sentence.

Justice Rubin has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

In order to convict the defendant of criminal contempt in the first degree for failure to answer questions posed to him before the Grand Jury, the People are required to demonstrate that the defendant's answers were "so false and evasive as to be equivalent to no answer at all" *(People ex rel. Valenti v McCloskey,* 6 NY2d 390, 398). The People are not required to prove that the underlying conversation to which the questions are addressed actually took place, but only that the defendant intended to evade answering the questions posed to him *(see, People v Fischer,* 53 NY2d 178, 184). The People sustained their burden of proof in this case by showing that the subject matter of the conversation was sufficiently memorable that the defendant's response, that he could not recall whether or not such a conversation occurred, was not worthy of belief. Accordingly, the jury had sufficient evidence before it to convict the defendant.

The defendant's remaining contentions have been considered and found to be without merit. Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.