■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PHILLIPS, Appellant.—Judgment unanimously modified on the law and as modified affirmed and defendant remanded to Niagara County Court for further proceedings, in accordance with the following memorandum: Defendant was convicted of five counts of perjury in the first degree and one count of criminal contempt, first degree, as a result of testimony he gave before a Niagara County Grand Jury. The convictions on counts 1 through 4 of the indictment must be reversed and the indictment dismissed as to those counts. Those counts charged defendant with perjury for having sworn falsely that conversations he had on four specific dates were not about his purchasing cocaine from John Scull for Thomas Aderhold. The People failed to prove beyond a reasonable doubt that the subject of those conversations, intercepted pursuant to a legal wiretap, was the purchase of cocaine and not some other drug.

Defendant's conviction on count six of the indictment is affirmed. The evidence, when viewed in the light most favorable to the People *(People v Ford,* 66 NY2d 428, 437), is sufficient to support the conclusion that defendant lied to the Grand Jury when he stated that he never purchased drugs from Scull. We find that this testimony was material to the Grand Jury proceeding because its investigation, which origi-

nally involved a 1979 murder, had broadened to include Scull's illegal drug activity.

Defendant's conviction for criminal contempt must also be reversed. Defendant's testimony before the Grand Jury was neither patently false nor incredible as a matter of law, and because it provided the basis for a perjury charge when proven false, this testimony cannot be deemed a "refusal to answer" as contemplated by the contempt statute *(People v Arnette,* 58 NY2d 1104, 1106; *People v Renaghan,* 33 NY2d 991, 992; *People ex rel. Valenti v McCloskey,* 6 NY2d 390, 404, *appeal dismissed* 361 US 534). Defendant's conviction on count seven is, therefore, reversed and the indictment dismissed as to that count.

Whether defendant has been the victim of a perjury trap presents an issue of fact for the jury *(People v Fischer,* 53 NY2d 178, 183, n 1; *People v Tyler,* 46 NY2d 251, 259; *People v Kenny,* 100 AD2d 554; *People v Tempera,* 94 AD2d 748, 749). In our view, the court's charge, when viewed as a whole, adequately conveyed the correct standard for evaluating the proof at trial to the jury and did not improperly shift the burden of proof to the defendant. Moreover, defendant failed to object to the charge as given, so the issue is not preserved for our review *(People v Ahmed,* 66 NY2d 307, 310, *rearg denied* 67 NY2d 647), and we decline to reach it in the interests of justice *(People v Sheirod,* 124 AD2d 14, 18). Defendant was not deprived of effective assistance of counsel. Counsel's performance at trial was competent and his request for the charge that defendant now claims was erroneous does not, in and of itself, constitute ineffective assistance *(People v Baldi,* 54 NY2d 137, 146-147).

The sentence imposed on defendant is vacated and he is remanded to County Court for resentencing on count 6 of the indictment.

We have examined defendant's remaining claims and find them to be without merit. (Appeal from judgment of Niagara County Court, DiFlorio, J.—perjury, first degree, and criminal contempt, first degree.) Present—Doerr, J. P., Green, Pine, Balio and Davis, JJ.