In the Matter of the Estate of HANNAH GLAZER, Deceased. MALCOLM I. GLAZER, Appellant.—Order reversed on the law without costs and motion denied. Memorandum: Respondent appeals from an order adjudicating him in civil contempt for failing to comply with an order requiring him to file a formal accounting for six years preceding the death of his mother, Hannah Glazer, of all of his acts, transactions, and dealings with or on behalf of Hannah Glazer, American Realty, and East Avenue Trailer Park.

Although respondent filed financial accountings showing the financial transactions with and on behalf of Hannah Glazer and the two partnerships, the trial court rejected them, stating that they were wholly inadequate. Specifically, the court criticized the accountings because respondent failed to reveal and itemize the specific assets of the jointly held businesses and because it was impossible to tell from the accountings whether the expenses charged against the businesses were, in fact, reasonable. The court also criticized the accountings because they were based upon the records of bank deposits and checks and not from the daily journals, ledgers, or other general books of account.

To justify an order for civil contempt, "it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. It must appear, with reasonable certainty, that the order has been disobeyed" *(Matter of McCormick v Axelrod,* 59 NY2d 574, 583). Here, it cannot be said with reasonable certainty that an order of the court clearly expressing an unequivocal mandate has been disobeyed.

The court order required respondent to submit formal accounts of "all of his acts, transactions and dealings with or on behalf of the deceased Hannah Glazer" and on behalf of American Realty and East Avenue Trailer Park. It did not, as the court assumed, require respondent to list the assets of American Realty and East Avenue Trailer Park. Although an executor or administrator is required to list the assets of the estate in the formal account, respondent is neither an executor nor an administrator, and there was no direction by the court that respondent list the assets of the jointly owned businesses. In fact, this issue was raised by the parties before the order requiring the account was signed and the court declined to give direction in this regard. The attorney for respondent had taken the position that the assets in question were not part of the estate because they had passed to respondent as jointly owned property.

There was no direction in the order that the accountings be based on the ledgers and books of the corporations rather than the bank records, which may, in fact, be a more reliable record of the financial "acts, transactions and dealings". Moreover, the ledgers and other books of the corporations were available to petitioners to check the accuracy of the accountings.

The fact that it was impossible to tell from the account

whether the items of expenditures were reasonable does not establish that respondent disobeyed the order. There is no requirement that an accounting party set forth facts showing that the expenditures are reasonable and the order did not so require. That is a matter to be determined at a hearing on objections to the account.

The court was also concerned whether there were other business entities owned jointly by respondent and decedent that respondent failed to reveal. The accountings list no such other business enterprises. Until there is proof showing that there were other enterprises, respondent cannot be held in contempt for failing to reveal them (see, Owen v Blumenthal, 280 NY 96, 100; Pereira v Pereira, 35 NY2d 301, 308-309).

We reject petitioners' argument that the prior unappealed order of the court determining that the accountings were totally inadequate is res judicata on this motion to hold respondent in contempt (see, Coan v Coan, 86 AD2d 640, 641, lv dismissed 57 NY2d 608). One of the reasons that the doctrine of res judicata does not apply here is because the finding of contempt requires the higher burden of "clear and convincing evidence", whereas the determination resulting in the prior order was required to be supported by only a preponderance of the evidence.

For the above reasons, we conclude that the court erred in holding respondent in civil contempt.

We cannot agree with the conclusion of the dissent that the appeal must be dismissed because respondent was given an opportunity to purge himself of the contempt. There is nothing before us to show that respondent has purged himself and, even if he has, he may still be subject to a fine for the costs and expenses of the proceeding (see, 22 Carmody-Wait 2d, NY Prac § 140:170, at 644) and responsible for recompense to the injured party. Although a guilty party may purge himself after a finding of contempt, recompense to the injured party "is proper because * * * it is then not alone the dignity of the court which is to be considered * * *, but also a substantial right of the aggrieved party" (People ex rel. Baldwin v Miller, 9 Misc 1, 3-4). The case of Field v White (102 App Div 365), relied upon by the dissent, is inapposite here. In Field (supra, at 366), the Appellate Division specifically noted that the "language of [the order appealed from] does not import any clear or positive adjudication adverse to the judgment debtor". That was because "[n]either [order] declares that the contempt was calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies of a party" (supra, at 366). In

other words, in *Field (supra),* the order contained no adjudication of contempt. Here, the decision incorporated in the order appealed from expressly states that respondent's failure to comply with the court's order was "calculated to and actually did defeat impair and prejudice the rights and remedies of" petitioners.

All concur, except Callahan and Lawton, JJ., who dissent and vote to dismiss the appeal, in the following memorandum.

Callahan and Lawton, JJ. (dissenting). In our view this appeal is premature and unnecessary, and should be dismissed. Respondent was given an opportunity to purge the citation of civil contempt by filing a supplemental accounting, and admittedly has availed himself of that opportunity; therefore, the order appealed from "is really not a final order in contempt * * * [and is] nothing more than a judicial declaration to the effect that if the [respondent] does not [file a supplemental accounting before a particular date], the court will then proceed to adjudge him guilty of contempt. Such an order really does the [respondent] here no harm. It does not affect any substantial right. Nothing can be done under the order, as it stands, to the detriment of the [respondent], without further judicial action" *(Field v White,* 102 App Div 365, 367). There is no practical difference between an order that states that if you do not comply with the court's directive you are in contempt, and an order that states that you will be in contempt unless you comply with the court's directive. Both are conditional orders. Until a determination has been made whether respondent, who has timely filed a supplemental accounting, has purged himself of the order of contempt, there is nothing before this court to determine *(see, Field v White, supra).* If respondent's supplemental accounting is found to be adequate, then there is no longer any contempt and the contempt adjudication must be vacated *(see, Matter of Additional Jan. 1979 Grand Jury v Doe,* 84 AD2d 588; *Matter of Marino v Meyers,* 64 AD2d 600, *affd* 48 NY2d 866; *Matter of Ferrara v Hynes,* 63 AD2d 675). If the supplemental accounting is not adequate, then Surrogate's Court may impose appropriate penalties and this court, on appeal, may then determine whether respondent's conduct was contemptuous, whether the supplemental accounting was inadequate to purge the contempt and, if so, whether the penalties imposed are appropriate. Until that determination has been made, however, there is no final adjudication of contempt, respondent has suffered no harm, and there is nothing for this court to review. Finally, we note that a waste of judicial time, legal

expense (four briefs and three oral arguments) and disbursements (a 2,662-page five-volume record on appeal) has been engendered by this meaningless appeal. (Appeal from order of Monroe County Surrogate's Court, Smith, S.—civil contempt.) Present—Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ.