■ In the Matter of the Estate of HANNAH GLAZER, Deceased.—Order affirmed with costs. Memorandum: Surrogate's Court properly measured the accountings filed by respondent on December 20, 1989 against the October 31, 1988 order to account and found them to be adequate. The unappealed order of October 26, 1989 and the decision of July 13, 1989 merely detailed the reasons why accountings filed in February 1989 did not comply with the October 31, 1988 order and rejected the accountings because of their failure to comply with the prior order of the court. The October 26, 1989 order did not direct respondent to file accountings that complied with its directives but ordered only that respondent "file accountings as previously ordered."

As stated by the court, "this account should provide a basis for the executrix, and the residuary beneficiaries, to pursue further discovery, or to file further detailed objections, if they desire to do so." Further, our decision does not preclude the court from ordering a supplemental accounting, if appropriate.

All concur, except Callahan, J. P., who dissents and votes to reverse in the following Memorandum.

Callahan, J. P. (dissenting). I do not concur with the majority's view because it encourages additional legal maneuvers and delays resolution of this ongoing family feud. These

parties have been before this Court on a prior appeal *(Matter of Glazer,* 168 AD2d 975, *mot to dismiss appeal granted* 77 NY2d 939). The only issue on that appeal was whether Malcolm Glazer was guilty of civil contempt. We disagreed with the Surrogate and reversed the finding of civil contempt. That was the holding of that case, nothing more.

It is readily apparent from a reading of the decision in this record that the Surrogate misinterpreted the holding in that appeal. Since the Surrogate was not constrained or otherwise bound by any language in our prior memorandum decision, this matter should be remitted to the Surrogate with that caveat. In my view, the Surrogate's Court is the proper forum to resolve these issues as it knows best the intent of its previous order, which was not the subject of any appeal. (Appeal from Order of Monroe County Surrogate's Court, Houston, S.—Estate Accounting.) Present—Callahan, J. P., Boomer, Lawton, Davis and Doerr, JJ.