People v Maharrey (2022 NY Slip Op 03621)

People v Maharrey

2022 NY Slip Op 03621

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

310 KA 20-00295

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT A. MAHARREY, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JOHN J. MORRISSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered November 13, 2019. The judgment convicted defendant upon a jury verdict of assault in the second degree, assault on a police officer, disorderly conduct and harassment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, assault in the second degree (Penal Law § 120.05 [3]) and assault on a police officer (§ 120.08). Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that the police officer sustained a serious physical injury as required for the conviction under section 120.08 (see § 10.00 [10]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The officer testified that he suffered a broken nose and post-concussion syndrome as a result of the altercation with defendant. The injuries resulted in significant breathing problems, necessitating two surgeries, and significant headaches that were ongoing at the time of trial (see People v Messam, 101 AD3d 407, 407-408 [1st Dept 2012], lv denied 20 NY3d 1102 [2013]; People v Diaz, 254 AD2d 36, 36 [1st Dept 1998], lv denied 92 NY2d 1031 [1998]; People v Bell, 112 AD2d 27, 27 [4th Dept 1985]; cf. People v Rosado, 88 AD3d 454, 454-455 [1st Dept 2011], lv denied 18 NY3d 928 [2012]).
Before trial, defendant moved for a subpoena duces tecum seeking, inter alia, all of the records of the Genesee County Sheriff's Office related to this incident, contending that defendant had no personal recollection of the event. County Court denied the motion, but directed the People to provide defendant with information regarding potential witnesses to the incident. Contrary to defendant's contention, we conclude that the court appropriately balanced defendant's constitutional rights with the County's interest in maintaining the confidentiality of its records (see People v Gissendanner, 48 NY2d 543, 549-551 [1979]; People v Jones, 193 AD3d 1410, 1413 [4th Dept 2021], lv denied 37 NY3d 972 [2021]; cf. People v Kozlowski, 11 NY3d 223, 241-243 [2008], rearg denied 11 NY3d 904, 905 [2009], cert denied 556 US 1282 [2009]). Contrary to defendant's further contention, we decline to apply the new discovery rules that became effective in 2020 retroactively to this case (see CPL 245.10 [1] [a]; 245.20; People v Austen, 197 AD3d 861, 863-865 [4th Dept 2021, Smith, J., concurring], lv denied 37 NY3d 1095 [2021]; but see People v DeMilio, 66 Misc 3d 759, 762-763 [Dutchess County Ct 2020]).
Finally, defendant contends that reversal is required because the court, in its final instructions to the jury, improperly shifted the burden of proof to defendant when it instructed the jury that it "must decide if the required intent can't be inferred beyond a reasonable doubt" (emphasis added). As defendant correctly concedes, he did not object to the charge as given and, as a result, we conclude that defendant's contention is not preserved for our review (see People v [*2]Robinson, 88 NY2d 1001, 1001-1002 [1996]; People v Brown, 166 AD3d 1582, 1583 [4th Dept 2018], lv denied 32 NY3d 1170 [2019]). In any event, the contention lacks merit. The one misstatement by the court was almost immediately corrected by the court. In addition, the court emphasized that the People had the burden of proving defendant guilty beyond a reasonable doubt. Moreover, in supplemental instructions, the court provided the correct charge. We thus conclude that "the court's charge, when viewed as a whole, adequately conveyed the correct standard for evaluating the proof at trial to the jury and did not improperly shift the burden of proof to the defendant" (People v Phillips, 136 AD2d 930, 931 [4th Dept 1988], lv denied 71 NY2d 972 [1988]; see People v Williams, 301 AD2d 794, 796 [3d Dept 2003]; see generally People v Medina, 18 NY3d 98, 104 [2011]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court