Matter of B&M Kingstone, LLC v Mega Intl. Commercial Bank Ltd. (2023 NY Slip Op 01254)

Matter of B&M Kingstone, LLC v Mega Intl. Commercial Bank Ltd.

2023 NY Slip Op 01254

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Webber, J.P., Oing, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 158577/14 Appeal No. 17505 Case No. 2022-01576 

[*1]In the Matter of B&M Kingstone, LLC, etc., Petitioner-Appellant,
v
Mega International Commercial Bank Ltd., Formerly Known as International Commercial Bank of China, Respondent-Respondent.

Baker & Hostetler LLP, New York (John Siegal of counsel), for appellant.
Kirkland & Ellis LLP, New York (David I. Horowitz of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about February 24, 2022, which, to the extent appealed from as limited by the briefs, denied petitioner's motion to hold respondent in contempt or, in the alternative, for a determination about the bank examination privilege, unanimously affirmed, with costs.
To find someone in civil contempt, "it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect" (El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015] [internal quotation marks omitted]). In the 2018 order that petitioner alleges respondent violated the court denied both respondent's motion to quash four subpoenas and petitioner's cross motion to compel compliance, and gave respondent the right to designate which witness would be deposed first, which respondent did. Even if the 2018 order did clearly require respondent to produce a witness with knowledge relevant to petitioner's satisfaction of its judgment, petitioner did not "establish by clear and convincing evidence [respondent]'s violation of the order" (id. at 29). The witness that respondent produced did not have perfect knowledge, but the 2018 order contemplated that the first witness offered by respondent might not have all the information petitioner was seeking; the court allowed petitioner to request additional depositions.
Further, even if the deposition transcripts that petitioner offered were admissible, and the court accepted as true the deponents' testimony, which was somewhat at odds with the testimony of respondent's witness, "the general rule [is] that a witness who lies is not held in civil contempt, but is subject to prosecution for . . . perjury" (Matter of Kitchen, 706 F2d 1266, 1272 [2d Cir 1983]; see also id. at 1274-1276; People v Fischer, 53 NY2d 178, 184 [1981]; Matter of Tamberg v Waltemade, 19 AD2d 874, 875 [1st Dept 1963]). There is "a narrow exception" to the above rule (Kitchen, 706 F2d at 1275): "witnesses who give obviously false evasive and equivocal answers in an effort to avoid providing information" are subject to civil contempt (id. [internal quotation marks omitted]). However, this must be proven "by clear and convincing evidence" (id.). Respondent's witness' answers here were "not so inherently incredible as to fall within the narrow exception" (id. at 1276; cf. People v Gottfried, 61 NY2d 617, 619 [1983]).
Contrary to petitioner's contention, the court was not required to hold an evidentiary hearing before denying its contempt motion. "[I]f it appears that there is a bona fide dispute in material and relevant facts, the court may set the matter down for a hearing" (Matter of Storm, 28 AD2d 290, 295 [1st Dept 1967]). Petitioner did not prove, by clear and convincing evidence, that the alleged perjury constituted contempt, therefore the issues on which petitioner wanted witnesses to testify were not material and relevant.
The court providently exercised its discretion by not ruling [*2]whether the questions that petitioner asked at the deposition and as to which respondent instructed the witness not to answer fell under Banking Law § 36(10). At oral argument, petitioner conceded that those questions were not the essence of the information it sought. Moreover, there is no indication that it was going to continue the deposition to ask those questions. "[T]he courts should not perform useless . . . acts and thus should not resolve disputed legal questions unless this would have an immediate practical effect on the conduct of the parties" (New York Pub. Interest Research Group v Carey, 42 NY2d 527, 530 [1977]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023