■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN CHAPMAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of three counts of criminal possession of a forged instrument in the second degree, arguing that the court erred in refusing to suppress his in-court identification. He contends that photographic arrays shown to the identifying witness were unduly suggestive because the witness was shown two arrays a day apart and he was the only person whose photograph appeared in both arrays. The witness failed to make an identification from the first array but identified defendant from the second one. In denying the motion to suppress, the court found that the first array consisted of color photos with frontal views which were of "relatively lesser quality" than the second array, and that defendant's photo in particular was underexposed. The court further found that the second array consisted of black and white photos of greater clarity with both frontal and profile photos. Multiple photo identification procedures are not inherently suggestive *(see, People v Cosme,* 125 AD2d 485, 486, *lv denied* 69 NY2d 878; *People v Sheirod,* 124 AD2d 14, 18-19, *lv denied* 70 NY2d 656; *cf., People v Hall,* 81 AD2d 644; *People v Tindal,* 69 AD2d 58) and we find no basis to disturb the findings of the suppression court, which are entitled to great weight *(see, People v Prochilo,* 41 NY2d 759, 761).

We have considered defendant's other arguments and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Flynn, Jr., J.—criminal possession of forged instrument, second degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.