OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by remitting to Albany County Court for resentencing, and, as so modified, affirmed.
Defendant was convicted of first degree sodomy arising out of an incident on a university campus which occurred on February 8, 1986, when he was 16 years old. He was sentenced to an indeterminate term of imprisonment for 3 Vs to 10 years. The sentencing court denied defendant’s request for youthful offender treatment, stating "this Court does not grant Youthful Offender status to persons who get involved in this kind of sexual molestation, sodomy in the first degree or rape in the first degree. The Court’s attitude towards those crimes was the same even before the State Legislature saw fit in Article 700 of the Criminal Procedure Law. It’s not a presumption that YO should not be given where there is rape or sodomy but that it ought not to be given unless the Court makes definite findings as to why this is an exceptional situation. The Court feels, as a matter of fact, there is nothing exceptional about this situation whatsoever.” Thus the court denied youthful offender status because in its view, a person *818 convicted of first degree sodomy was not entitled to such treatment in the absence of "exceptional” circumstances.
This standard, however, as indicated by the court’s reference to article 700 of the Criminal Procedure Law, is the standard applicable pursuant to CPL 720.10, as amended on November 1, 1986. Pursuant to the amended statute, a youth convicted of first degree sodomy is not an "eligible youth” for purposes of youthful offender treatment, and cannot be sentenced as a youthful offender unless the court finds "mitigating circumstances” (CPL 720.10 [2] [a]; [3]). As this statutory amendment was not in effect at the time defendant was alleged to have committed the crime, it was error to sentence him in accordance with the amendment’s more stringent standard.*
Rather, defendant should have been sentenced in accordance with the preamendment statute which did not except persons convicted of first degree sodomy from the definition of "eligible youth[s]” for the purposes of youthful offender treatment (see, CPL former 720.10 [2] [a], L 1971, ch 981, § 1, as amended by L 1978, ch 481, § 58). Thus, as defendant is an "eligible youth” under CPL former 720.10 (2) (a) and has not previously been convicted of a crime or adjudicated a youthful offender (see, CPL 720.20 [1] [b]), the court should have considered the individual circumstances of his case to determine whether "the interest of justice would be served by relieving [defendant] from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years” (CPL 720.20 [1] [a]; see, People v Richard H., 65 AD2d 775; People v Kerr, 43 AD2d 895).
We have considered defendant’s remaining contentions, to *819 the extent preserved for our review, and conclude that they do not warrant reversal.

 Contrary to the assertion of the dissent, our review of the legality of County Court’s sentencing determination does not "stray onto the exclusive constitutional and statutory preserve” of the courts below (dissenting opn, at 821). Unquestionably, this court has jurisdiction to review the propriety of the legal standard employed in sentencing determinations generally (see, e.g., Matter of Roballo v Smith, 63 NY2d 485; People v Morse, 62 NY2d 205) and in youthful offender determinations in particular (People v Cecil Z., 57 NY2d 899). Exercising this jurisdiction, we hold today that County Court applied an incorrect legal standard and therefore the sentence imposed must be vacated. Any discussion of the trial court’s discretionary powers in sentencing matters, much less the extensive discussion of these powers undertaken by the dissent, is wholly irrelevant to this legal issue because the fact that the sentencing court exercised its discretion in its application of this erroneous legal standard does not insulate the issue from our review nor preclude us from taking appropriate corrective action.