■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ALLEN, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered September 9, 1990, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree and sentencing him to concurrent indeterminate terms of 1⅓ to 4 years and 1 to 3 years imprisonment, respectively, unanimously affirmed.

The evidence revealed that on February 25, 1990, at approximately 5:00 A.M., while the complainant was walking on 77th

Street between Park and Lexington Avenues, in Manhattan, after having spent the evening with a group of friends at a nightclub and a restaurant, she was approached and then grabbed around the neck by the defendant, who wrestled her purse away from her and then fled north on Lexington Avenue, where he was apprehended shortly thereafter by the police.

The defendant's claims of prosecutorial misconduct in summation, including allegedly vouching for the complainant's veracity, denigrating the defense and suggesting that the defendant had a propensity to steal, are unpreserved for appellate review as a matter of law by appropriate objection (CPL 470.05 [2]). Were we to review these claims in the interest of justice, we would find that the prosecutor's remarks in summation did not exceed the broad bounds of rhetorical comment permissible in closing arguments and were a fair response to defense counsel's summation comments which attacked the credibility of the People's witnesses and argued that the defendant had not robbed the complainant (see, *People v Marks,* 6 NY2d 67, 77-78).

We find also that the court, at the *Sandoval* hearing, properly weighed the probative value of the defendant's prior bad acts against the potential for undue prejudice in permitting the People to cross-examine the defendant concerning his suspension as a Transit Authority motorman for cocaine use and his having lied to a criminal justice agency when questioned about his current employment status at the time of his arrest, and that the court did not abuse its discretion in concluding that those acts were probative of his willingness to place his own self-interest above those of society (*People v Greer,* 42 NY2d 170, 176, citing *People v Sandoval,* 34 NY2d 371, 377). Concur—Sullivan, J. P., Milonas, Kupferman and Rubin, JJ.