■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL FUZZELL, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence J. Tonetti, J.), rendered August 19, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and unlawful possession of marihuana, and sentencing him, as a second felony offender, to a term of 5 to 10 years and an unconditional discharge, respectively, unanimously affirmed.

Defendant was arrested for acting in concert in the sale of crack to an undercover officer.

Defendant's contention that there was insufficient evidence to establish his guilt is without merit. The evidence revealed that defendant furnished vials of crack to another who then sold the crack to an undercover officer. Thus, "the jury could reasonably conclude that defendant's conduct demonstrated an interest in promoting the transaction" and that "defendant's conduct constituted more than a mere presence." (People v Bobbitt, 180 AD2d 489, 490, lv denied 79 NY2d 1046.)

Defendant's contention that the court improperly failed to charge the jury on the standard for circumstantial evidence is unpreserved for review as a matter of law, since defense counsel never objected or took exception following the charge to the jury (CPL 470.05 [2]). In any event, not all the evidence is circumstantial, and as such defendant is not entitled to a circumstantial evidence charge *(People v Monje,* 179 AD2d 437, 438, *lv denied* 79 NY2d 951). Finally, the charge viewed in its entirety was proper *(People v Coleman,* 70 NY2d 817).

We have considered defendant's remaining contention and find it to be without merit. Concur—Carro, J. P., Milonas, Rosenberger, Ross and Rubin, JJ.