■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC REID, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered February 8, 1991, convicting defendant, after a jury trial, of burglary in the third degree, criminal possession of stolen property in the fifth degree, and petit larceny, and sentencing him, as a predicate felony offender, to concurrent prison terms of 3½ to 7 years, 1 year, and 1 year, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the People —including the eyewitness testimony of the building employees who apprehended defendant and recovered the merchandise they had observed him taking on closed-circuit television, as well as the testimony of the police officers who responded to the scene and heard defendant say that he had been in the building "a thousand times" to "steal clothes"—and giving due deference to the jury's findings of credibility, we hold that defendant's guilt was proved overwhelmingly by legally sufficient evidence (People v Bleakley, 69 NY2d 490, 495). The court's Sandoval ruling, permitting the People to inquire into defendant's prior theft-related convictions, was not an abuse of discretion, such being relevant to defendant's veracity (see, People v Scott, 160 AD2d 262, 263, lv denied 76 NY2d 743). The fact that defendant specializes in a particular type of criminal activity does not insulate him from impeachment for such activity (People v Rahman, 62 AD2d 968, affd 46 NY2d 882; see also, People v Pavao, 59 NY2d 282, 292).

Since the stolen property was recovered by private citizens rather than the police, the court's summary denial of defendant's motion to suppress physical evidence was proper. So too was the summary denial of defendant's eve-of-trial motion to suppress his statement, the 45-day period in which to make such a motion (CPL 255.20 [1]) having elapsed, and defendant having failed to demonstrate due diligence (CPL 255.20 [3]). Defendant's claim that he did not have effective assistance of trial counsel is unreviewable without the benefit of additional background facts that might have been developed had a postjudgment motion been made pursuant to CPL 440.10 (see, People v Love, 57 NY2d 998, 1000). Upon the present record, it cannot be said that but for counsel's unprofessional errors, the result of the proceeding would have been different (People v Diaz, 157 AD2d 569, lv denied 76 NY2d 733).

We have reviewed defendant's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Rubin, JJ.