■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY SMITH, Appellant. [630 NYS2d 528] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered January 22, 1992, convicting defendant, after a jury trial, of crimi-

nal sale of a controlled substance in the third degree, and sentencing him as a second felony offender to an indeterminate term of imprisonment of from 6$^1$/$_2$ to 13 years, affirmed.

The evidence was legally sufficient to prove defendant's guilt of selling crack cocaine to an undercover officer. Responding to the officer's inquiry as to who "was working the peephole" in a certain building, defendant informed him that a new supply was being gathered and directed the officer to codefendant Mitchell, who was sitting at a table nearby. Mitchell, after ascertaining from the officer that he wanted five vials of crack, told defendant to get him five vials, which defendant retrieved from a milk carton under the table where Mitchell was sitting. Defendant handed the vials to Mitchell, who, in turn, handed them to the officer. This evidence, combined with defendant's knowledge of the peephole, established that defendant and Mitchell were acting as a team (*People v Fuzzell*, 189 AD2d 686).

The *Sandoval* hearing disclosed that defendant had six prior arrests resulting in a February 1981 conviction of unauthorized use of a vehicle, an August 1981 assault in the third degree conviction and an August 1982 conviction of criminal sale of a controlled substance in the second degree for which defendant was sentenced to five years to life. Defendant had been sentenced as a Youthful Offender on the two misdemeanor convictions. The court ruled that if defendant testified, the prosecutor could ask him whether he had been convicted of criminal sale in the second degree and, if so, to question him about the length of his sentence and the fact that he had been in continuous custody from 1983 to 1990. The court further ruled that the prosecutor could not refer to the underlying facts and circumstances of the drug conviction nor could the prosecutor delve into any of defendant's other convictions. In responding to counsel's argument that it would be prejudicial to allow the jury to hear that defendant had been convicted of a crime similar to the pending charge, the court noted the particular importance of defendant's criminal history for credibility purposes in a case such as this, which was based on the identification of one witness. The court reasoned that "if [the jury] did not know about [defendant's] prior criminal history involving the sale of drugs, then his word would have the credibility it might [not] otherwise deserve."

The trial court's *Sandoval* ruling properly weighed the potential for undue prejudice against the probative value of defendant's prior drug related conviction. (*People v Allen*, 186 AD2d 379, 380, *lv denied* 81 NY2d 836.) On the basis of the

court's statement that if the jury was unaware of defendant's prior criminal history involving the sale of drugs, defendant's testimony might be given a credibility it did not deserve, the dissent draws the unwarranted inference that the *Sandoval* ruling "was specifically designed to counter any denial by defendant that he had participated in a drug sale since he had a prior history as a drug seller." In our view, however, the court's statement indicates nothing more than a conclusion that the drug conviction bore directly on credibility. (*See, People v Lucas*, 160 AD2d 330, *lv denied* 76 NY2d 860.) We note that the court minimized its potential for prejudice by precluding inquiry into the underlying facts (*People v Scott*, 174 AD2d 371, *lv denied* 78 NY2d 974). That the crime charged was similar to that underlying the prior conviction did not insulate defendant from impeachment based on such conviction (*People v Reid*, 190 AD2d 575, *lv denied* 81 NY2d 1078). Nor did the fact that the prior conviction was nine years old (*see, People v Yeaden*, 156 AD2d 208, *lv denied* 75 NY2d 872), especially since defendant was incarcerated for a considerable part of this period (*People v Cain*, 167 AD2d 131, 133, *lv denied* 77 NY2d 836). Concur—Sullivan, J. P., Ross and Williams, JJ.

Rosenberger and Ellerin, JJ., dissent in a memorandum by Ellerin, J., as follows: I would reverse based on the court's *Sandoval* ruling.

At the time of trial, defendant's criminal record consisted of two ten-year-old non-drug-related misdemeanor convictions for which he had received youthful offender treatment, and one prior conviction for criminal sale of a controlled substance in the second degree. He had been convicted of that felony nine years earlier, and had spent seven of those years in prison. He was currently charged with criminal sale of a controlled substance in the third degree.

As was made clear in the seminal case of *People v Sandoval* (34 NY2d 371), and the legion of cases that have followed, the use of a defendant's prior criminal convictions is solely for purposes of impeaching a defendant's credibility and a balance must be struck between the evidence's probative value and its possible prejudicial effect. A court, therefore, has an obligation to balance the prosecutor's right to explore defendant's credibility and " 'the danger of establishing in the minds of the jury a propensity by the defendant to commit the crime charged' " (*People v Hall*, 155 AD2d 344, 345).

Here the trial court ruled that if defendant took the stand the prosecutor would be permitted to elicit that defendant had previously been convicted of criminal sale of a controlled

substance in the second degree, had been sentenced to 5 years to life and had been in continuous custody for seven years.

Defense counsel objected to the extremely prejudicial effect of allowing the jury in this case, involving the sale of drugs, to know that defendant had been convicted of a prior sale of drugs and requested that the prosecutor be limited solely to eliciting that defendant had a prior felony conviction, without identifying the nature of the crime.

The court's response is instructive. While acknowledging the potential for prejudice in its ruling, the court held that the fact of the prior drug conviction should be brought out so that the jury "are well informed in evaluating the credibility of the respective witnesses". Noting that, if defendant took the stand, the jury would have to contrast the credibility of the undercover officer's identification testimony with that of defendant, the court stated that "if [the jury] did not know about his prior criminal history involving the sale of drugs, then his word would have the credibility it might [not] otherwise deserve." By reason of the ruling, defendant did not testify.

While the ruling was couched in terms of defendant's general credibility, it is evident that it was specifically designed to counter any denial by defendant that he had participated in a drug sale since he had a prior history as a drug seller. Its only probative value would be to demonstrate defendant's propensity to commit drug crimes and constituted the kind of unfair prejudice that warrants a reversal of defendant's conviction and a new trial (*People v Davis*, 44 NY2d 269, 276; *see, People v Hall, supra*).