■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS COUVERTIER, Appellant. [635 NYS2d 12] —Judgment, Supreme Court, New York County (Bernard Fried, J., on *Sandoval* motion; Renee White, J., at trial), rendered October 20, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of $3^1/2$ to 7 years, unanimously affirmed.

The court's *Sandoval* ruling, allowing the People to inquire into the date and nature of defendant's four prior felony convictions without going into the underlying facts, was a proper exercise of discretion even though one of the convictions, like the instant crime, was for weapon possession (*see, People v Smith*, 217 AD2d 520, 521-522). Defendant's claim that the court did not properly respond to a jury note indicating that one of the jurors could not be impartial for personal reasons is unpreserved as a matter of law, since defendant neither asked

that the juror be individually questioned nor objected to the court's response of reinstructing the entire jury as to their duty to deliberate impartially (*see, People v Jackson*, 209 AD2d 247, *lv denied* 85 NY2d 974). We decline to review the issue in the interest of justice. If we were to review, we would find that the instruction given to the entire jury was an appropriate response to the note. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.