■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN VERA, Appellant. [653 NYS2d 360] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered February 6, 1995, convicting him of robbery in the first degree (six counts), robbery in the second degree (four counts), burglary in the first degree (five counts),

and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's ominibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The court properly determined that, under the circumstances, a *Wade* hearing was not required to determine the admissibility of evidence of the pretrial identification procedure *(see, People v Gissendanner,* 48 NY2d 543, 552; *People v Ballard,* 198 AD2d 289). The purpose of a *Wade* hearing is to test identification testimony for taint arising from official suggestion during police-arranged confrontations between the defendant and the witness *(see, People v Dixon,* 85 NY2d 218, 222). Where, as here, the defendant and the witnesses are known to each other, the issue of suggestiveness is not a concern because the identification is merely confirmatory *(see, People v Gissendanner, supra; People v Sims,* 201 AD2d 516, 517).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). The testimony of two of the victims established that they both had ample opportunity to view the defendant.

The defendants' remaining contentions are mostly unpreserved for appellate review, and, in any event, without merit.

The sentence was not excessive *(see, People v Suitte,* 90 AD2d 80, 83). Bracken, J. P., O'Brien, Florio and Luciano, JJ., concur.