■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN KHOURI, Appellant. [687 NYS2d 165] —Appeals by the defendant from (1) a judgment of the County Court, Westchester County (Leavitt, J.), rendered October 15, 1996, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the third degree, under Indictment No. 94-01763, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, also rendered October 15, 1996, convicting him of robbery in the first degree (six counts), robbery in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and assault in the first degree, under Indictment No. 94-01764, upon a jury verdict, and imposing sentence. The appeals under both indictments bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motions which were to suppress statements made by the defendant to law enforcement authorities and identification testimony.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the hearing court properly denied those branches of his omnibus motions which were to suppress his statements to the police and identification testimony. The hearing evidence established that the defendant's videotaped confession and statements were voluntarily made (*see, People v Di Fabio,* 134 AD2d 918). Furthermore, although the court failed to make any finding regarding the allegedly prejudicial effect of displaying the defendant's photograph in two arrays, based on the testimony adduced at the hearing, we conclude that the procedure was not impermissibly suggestive (*see, People v Neely,* 219 AD2d 444; *People v Chapman,* 161 AD2d 1156).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. O'Brien, J. P., Sullivan, Joy and Krausman, JJ., concur.