■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH EDWARDS, Appellant. [687 NYS2d 317] —Judgment,

Supreme Court, Bronx County (Denis Boyle, J.), rendered December 4, 1996, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree, criminal impersonation in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of imprisonment of 15 years to life, 12 years to life, 1½ to 3 years, and 1 year, unanimously affirmed.

Defendant's suppression motions were properly denied in their entirety. The police observed defendant, who fit the description of one of the perpetrators of a robbery, pulling what appeared to be a gun from his waistband and fleeing upon making eye contact with an officer, and were thus provided with probable cause for defendant's arrest (*People v De Bour*, 40 NY2d 210, 223). In such circumstances, a showup procedure was appropriate (*People v Duuvon,* 77 NY2d 541). There is no evidence that the showup, as conducted, was unduly suggestive. The circumstances that defendant was handcuffed behind his back and in the presence of police officers, and that the complainant was told that he would be viewing a suspect, did not render the procedure unduly suggestive (*People v Duuvon, supra*).

The court's appropriately balanced *Sandoval* ruling was a proper exercise of discretion (*see, People v Couvertier*, 222 AD2d 239, *lv denied* 87 NY2d 971).

The record supports the court's determination, made following extended inquiry, that defendant's application for substitution of assigned counsel was without good cause and was simply a ploy to delay the trial. The record further establishes that defendant received effective assistance of counsel (*People v Baldi*, 54 NY2d 137).

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Rosenberger, Tom and Lerner, JJ.