■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRELL ROSS, Appellant. [758 NYS2d 897] —Appeal from a judgment of Supreme Court, Erie County (Buscaglia, J.), entered November 16, 2000, convicting defendant after a jury trial of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Supreme Court properly denied defendant's motion seeking to suppress the showup identifications of two witnesses. We reject defendant's contention that the showup

procedure was unnecessary and that a lineup should have been conducted. "[I]t is well settled that a showup identification is not improper merely because the police already have probable cause to detain a suspect" (*People v Davis*, 232 AD2d 154, 154 [1996], *lv denied* 89 NY2d 941, 1091 [1997]). The showup procedure here "was in proximity to the time and place of the crime and thus was properly conducted in the interest of prompt identification" (*People v Amin*, 294 AD2d 863, 864 [2002], *lv denied* 98 NY2d 672 [2002]). We further reject defendant's contentions that the showup procedure was unduly suggestive because defendant was standing outside an unmarked police car in the presence of police officers (*see People v Boyd*, 272 AD2d 898, 899 [2000], *lv denied* 95 NY2d 850 [2000]; *People v Aponte*, 222 AD2d 304, 304-305 [1995], *lv denied* 88 NY2d 980 [1996]; *see also People v Duuvon*, 77 NY2d 541, 545 [1991]) and one of the two witnesses knew that a suspect was in custody (*see People v Rodriguez*, 64 NY2d 738, 739 [1984]). Defendant's additional contention that the showup involving the other witness was terminated prematurely goes to the weight and not the admissibility of the identification of defendant by that witness. We further conclude that the verdict convicting defendant of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *see also People v Totten*, 161 AD2d 678 [1990]), and the sentence is not unduly harsh or severe. Present—Pine, J.P., Wisner, Kehoe, Burns and Gorski, JJ.