■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID T. LEWIS, Appellant. [762 NYS2d 325] —Appeal from a judg-

ment of Monroe County Court (Marks, J.), entered August 27, 2001, convicting defendant after a jury trial of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court properly denied defendant's motion seeking to suppress the showup identification by the victim. We reject the contention of defendant that, because the police had probable cause to arrest him on other charges and were not going to release him, the showup was unnecessary and thus impermissible. We conclude that, because the showup was "conducted in close geographic and temporal proximity to the crime," it was permissible even in the absence of exigent circumstances (*People v Brisco*, 99 NY2d 596, 597 [2003]). Contrary to the further contention of defendant, "[t]he circumstances that defendant was handcuffed behind his back and in the presence of police officers, and that the complainant was told that [she] would be viewing a suspect, did not render the procedure unduly suggestive" (*People v Edwards*, 259 AD2d 343, 344 [1999], *lv denied* 93 NY2d 969 [1999]; *see People v Smith*, 289 AD2d 1056, 1057 [2001], *lv denied* 98 NY2d 641 [2002]). The sentence is not unduly harsh or severe. Present— Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.