THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HORNE, Appellant. [768 NYS2d 880]—

Appeal from a judgment of Supreme Court, Erie County (Wolfgang, J.), entered July 16, 2001, convicting defendant after a jury trial of burglary in the first degree and menacing in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the first degree (Penal Law § 140.30 [4]) and menacing in the second degree (§ 120.14 [1]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). The victim testified that he was awakened by someone pounding at the door to his apartment and that, when he opened the door, defendant pointed a shotgun at his face and demanded to know the whereabouts of the victim's roommate. That testimony was corroborated by the roommate and the roommate's girlfriend, each of whom heard the exchange and recognized defendant's voice. In addition, the roommate heard the victim refer to the gun, and his girlfriend heard the victim say "get that thing away from me." Although there were inconsistencies in the testimony of those three witnesses, "resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses" (*People v Hernandez,* 288 AD2d 489, 490 [2001], *lv denied* 97 NY2d 729 [2002]; *see People v Williams,* 291 AD2d 897, 898 [2002], *lv denied* 97 NY2d 763 [2002]).

We further conclude that the People met their initial burden of establishing that the showup identification procedure was reasonable under the circumstances and was not unduly suggestive, and defendant failed to meet his ultimate burden of proving otherwise (*see People v Ortiz,* 90 NY2d 533, 537 [1997]). The showup was conducted in "geographic and temporal proximity to the crime" (*id.*). Furthermore, the police had defendant turn

in the direction of the patrol car transporting the victim as it passed by, in order to prevent the victim from viewing the handcuffs on defendant, which were behind his back. The fact that defendant was standing in the presence of police officers does not by itself render the showup unduly suggestive (*see People v Ross,* 305 AD2d 1073, 1074 [2003]).

We reject the contention of defendant that he was denied effective assistance of counsel. Upon our review of the record, we conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147 [1981]). The sentence is not unduly harsh or severe. Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.