THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES COLEMAN, Appellant. (Appeal No. 1.) [773 NYS2d 678]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered August 9, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]). Defendant's contentions concerning Supreme Court's *Wade* ruling have not been preserved for our review (*see* CPL 470.05 [2]; *People v Clark*, 262 AD2d 1051 [1999], *lv denied* 93 NY2d 1016 [1999]). In any event, those contentions lack merit. The fact that an eyewitness to the murder was shown two photographic arrays does not render the identification procedure unduly suggestive (*see People v Khouri*, 259 AD2d 498 [1999], *lv denied* 93 NY2d 900 [1999]; *People v Chapman*, 161 AD2d 1156 [1990], *lv denied* 76 NY2d 854 [1990]). Defendant did not otherwise establish that the identification procedure was unduly suggestive and thus, contrary to defendant's contention, the People were not required to establish an independent basis for the eyewitness's in-court identification of defendant (*see People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]).

Also contrary to defendant's contention, the court properly determined that defendant's statement to police was admissible. The evidence at the *Huntley* hearing establishes that the statement was spontaneous and not the product of police questioning or its equivalent (*see People v Taylor*, 302 AD2d 868 [2003], *lv denied* 99 NY2d 658 [2003]; *People v Parker*, 299 AD2d 859, 860 [2002]; *People v Lyons*, 125 AD2d 593, 595 [1986], *lv denied* 69 NY2d 952 [1987]). Despite inconsistencies in the testimony of the People's witnesses, we conclude that the verdict is not

against the weight of the evidence (*see People v Horne*, 2 AD3d 1399 [2003]; *People v Bell*, 234 AD2d 915, 915-916 [1996], *lv denied* 89 NY2d 1009 [1997]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People correctly concede that the prosecutor erred in asking the People's firearms expert whether the gun involved in the case had been involved in other homicides and that the court erred in overruling defense counsel's objection thereto. We agree with the People, however, that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted (*see People v Hill*, 300 AD2d 1125, 1126 [2002], *lv denied* 99 NY2d 615 [2003]; *People v Smith* [appeal No. 1], 266 AD2d 889 [1999], *lv denied* 94 NY2d 907 [2000]; *People v Schrader*, 251 AD2d 1032, 1033 [1998], *lv denied* 92 NY2d 882 [1998]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Defendant failed to preserve for our review his contention that the prosecutor engaged in misconduct during summation by vouching for the credibility of a witness who was receiving a benefit from testifying (*see People v Cox*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 923 [1999]; *People v Greening*, 254 AD2d 739, 740 [1998], *lv denied* 92 NY2d 1032 [1998]). Defendant further contends that the prosecutor improperly shifted the burden of proof to the defense during summation by stating that, in order to find defendant not guilty, the jury would have to find that the eyewitness to the shooting was a liar. Although the court overruled defendant's objection to that statement, when defense counsel again raised the same objection at a precharge conference, the court stated that it would address the matter in its charge on the People's burden of proof. Because defendant did not thereafter object to the charge as given, we conclude that defendant also failed to preserve for our review his contention that the prosecutor's summation improperly shifted the burden of proof to the defense (*see People v Phillips*, 136 AD2d 930, 931 [1988], *lv denied* 71 NY2d 972 [1988]). We decline to exercise our power to review defendant's contentions concerning the prosecutor's summation as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, defense counsel's failure to move for an inspection of the grand jury minutes does not by itself constitute ineffective assistance of counsel (*see People v Jurjens*, 291 AD2d 839 [2002], *lv denied* 98 NY2d 652 [2002]; *see also People v Workman*, 277 AD2d 1029, 1031-1032 [2000], *lv denied* 96 NY2d 764 [2001]), and we conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, the sentence is neither unduly harsh

nor severe. Present—Pigott, Jr., P.J., Green, Wisner, Hurlbutt and Gorski, JJ.