■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAMY L. PAUL, Appellant. [776 NYS2d 682]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered January 6, 2003. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree and robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [1]) and robbery in the first degree (§ 160.15 [2]), defendant contends that tangible evidence seized from his vehicle and pockets was the product of an unlawful search and

seizure and that County Court thus erred in denying his motion to suppress that evidence. We reject that contention. The information acquired by police from the victims and bystanders gave rise to reasonable suspicion of criminal activity justifying the stop of defendant's vehicle (*see People v Jeffery,* 2 AD3d 1271 [2003]; *People v Legette,* 244 AD2d 505, 506 [1997], *lv denied* 92 NY2d 950 [1998]; *People v Maye,* 206 AD2d 755, 757 [1994], *lv denied* 84 NY2d 1035 [1995]). Moreover, the subsequent observations of the officers, including their observation of weapons in plain view in the stopped vehicle, gave rise to probable cause for arrest, thus warranting the immediate search of defendant's person incident to arrest (*see New York v Belton,* 453 US 454, 459, [1981] *reh denied* 453 US 950 [1981]; *United States v Robinson,* 414 US 218, 235 [1973]; *see also People v Reddick,* 265 AD2d 855 [1999]).

Contrary to defendant's further contention, the showup identification procedure was permissible in the interest of prompt identification and was not unduly suggestive (*see People v Brisco,* 99 NY2d 596, 597 [2003]; *People v Lewis,* 306 AD2d 931 [2003], *lv denied* 100 NY2d 596 [2003]; *People v Amin,* 294 AD2d 863 [2002], *lv denied* 98 NY2d 672 [2002]), and thus the court properly denied defendant's motion to suppress the identification evidence. "The fact that defendant was standing in the presence of police officers does not by itself render the showup unduly suggestive" (*People v Horne,* 2 AD3d 1399, 1401 [2003], citing *People v Ross,* 305 AD2d 1073, 1074 [2003], *lv denied* 1 NY3d 579 [2003]), nor does the fact that he was in handcuffs (*see People v Lewis,* 306 AD2d 931 [2003], *lv denied* 100 NY2d 596 [2003]; *People v Zeigler,* 299 AD2d 910, 911 [2002], *lv denied* 99 NY2d 586 [2003]; *People v Howington,* 284 AD2d 1009 [2001], *lv denied* 97 NY2d 683 [2001]). Contrary to defendant's contention, the record establishes that the victim who participated in the showup did not see the recovered items of her property until the showup had taken place.

The challenge by defendant to the validity of his guilty plea is unpreserved for our review (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Jackson,* 278 AD2d 875 [2000], *lv denied* 96 NY2d 759 [2001]) and, in any event, is without merit. The sentence is not unduly harsh or severe. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.