■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BUSKEY, Appellant. [787 NYS2d 796]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered July 26, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and criminal mischief in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the third degree (Penal Law § 140.20) and criminal mischief in the second degree (§ 145.10). We reject defendant's contention that the identification procedure was unduly suggestive. "Where, as here, the defendant and the witness[ ] are known to each other, the issue of suggestiveness is not a concern because the identification is merely confirmatory" (*People v Vera*, 235 AD2d 509, 510 [1997], *lv denied* 89 NY2d 1016 [1997]; *see People v Gissendanner*, 48 NY2d 543, 552 [1979]). Defendant further contends that County Court committed reversible error in admitting his mug shots in evidence because the use of a profile shot and a face shot are "immediately identifiable" as mug shots. We note that, once the court admitted the profile shot, defense counsel requested that the face shot also be admitted, and thus defendant waived his

contention with respect to the face shot (*see generally People v Matta*, 286 AD2d 944, 945 [2001], *lv denied* 97 NY2d 731 [2002]). We conclude that the profile shot was properly admitted because it "corroborated [the] identification testimony" that defendant has a distinctive profile (*People v Thiessen*, 158 AD2d 737, 740 [1990], *mod on other grounds* 76 NY2d 816 [1990]), and its probative value thus outweighed its potential for prejudice (*see People v Dent*, 183 AD2d 723, 724 [1992], *lv denied* 80 NY2d 928 [1992]).

The court properly determined that defendant's statements to the police were admissible. The evidence at the *Huntley* hearing establishes that the statements were spontaneous and not the product of police interrogation (*see People v Coleman*, 5 AD3d 1070, 1071 [2004], *lv denied* 3 NY3d 672 [2004]). The court also properly denied defendant's request for a charge on circumstantial evidence inasmuch as the People presented direct evidence, i.e., a videotape and defendant's statements (*see People v Sampson*, 289 AD2d 1022, 1023 [2001], *lv denied* 97 NY2d 733 [2002]). Defendant was not deprived of effective assistance of counsel (*see generally People v Benevento*, 91 NY2d 708, 711-712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]), nor was he denied his right to a fair trial based on alleged prosecutorial misconduct (*see generally People v Galloway*, 54 NY2d 396, 401 [1981]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Martoche, Smith and Lawton, JJ.