■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOYT NEWTON, Appellant. [806 NYS2d 826]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered February 3, 2003. The judgment convicted defendant, upon a jury verdict, of robbery in the first

degree, kidnapping in the second degree and robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [4]), robbery in the second degree (§ 160.10 [1]) and kidnapping in the second degree (§ 135.20), defendant contends that the showup identification procedure was unduly suggestive and thus that County Court erred in denying his motion to suppress identification testimony. We reject that contention. Here, the People established that "the showup was reasonable under the circumstances—that is, . . . conducted in close geographic and temporal proximity to the crime—and the procedure used was not unduly suggestive" (*People v Brisco*, 99 NY2d 596, 597 [2003]; *see People v Duuvon*, 77 NY2d 541, 544 [1991]; *cf. People v Ortiz*, 90 NY2d 533, 537-538 [1997]). " 'The fact that defendant was standing in the presence of police officers does not by itself render the showup unduly suggestive'. . ., nor does the fact that he was in handcuffs" (*People v Paul*, 6 AD3d 1129, 1130 [2004], *lv denied* 3 NY3d 679 [2004]; *see People v Lewis*, 306 AD2d 931, 932 [2003]; *People v Edwards*, 259 AD2d 343, 344 [1999], *lv denied* 93 NY2d 969 [1999]).

Defendant further contends that the sentence is unduly harsh and severe. Here, defendant and Danny Clark, a codefendant (*People v Clark*, 6 AD3d 1066 [2004], *lv denied* 3 NY3d 638 [2004]), were offered sentences of a determinate term of incarceration of 3¹/₂ years as part of a plea bargain, but after trial each was sentenced to concurrent, determinate terms of incarceration of 15 years. As we stated in our decision in *Clark*, a third codefendant who "masterminded the criminal acts and who also ha[d] a long history of violent crimes and felony convictions was sentenced to a term of incarceration of only five years as a result of his cooperation with the prosecution" (*id.* at 1068). Although we reduced Clark's sentence to determinate terms of incarceration of seven years (*id.*), we reject the contention of defendant that we should likewise reduce his sentence. Unlike Clark, defendant has a lengthy criminal history and at least six violations of probation. Further, testimony at trial established that defendant was in possession of one of the two guns used in the commission of the underlying crimes. Thus, defendant has a more significant criminal history and is more culpable than Clark. We therefore conclude that the sentence is not unduly harsh or severe.

Defendant failed to preserve for our review the contentions in

his pro se supplemental brief that the court erred in admitting evidence of the uncharged crime of criminal possession of a weapon, and that the prosecutor engaged in misconduct in referring to that uncharged crime (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have reviewed the remaining contention of defendant in his pro se supplemental brief and conclude that it lacks merit. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.