Fourth Department, February, 2010

(February 11, 2010)

■ The People of the State of New York, Respondent, v Royal D. Nuffer, Appellant. [894 NYS2d 698]—

Appeal from a judgment of the Lewis County Court (Charles C. Merrell, J.), rendered March 13, 2009. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal contempt in the second degree (Penal Law § 215.50 [3]) arising from his violation of an order of protection issued by Family Court following defendant's divorce from the victim. We note at the outset that defendant's trial order of dismissal did not raise the grounds now advanced on appeal, and defendant thus failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his contentions that County Court erred in failing to include in its jury charge the definition of the term "home" as used in the order of protection (*see* CPL 470.05 [2]; *see generally* Family Ct Act § 759 [a]), as well as a mistake of fact defense, based on his belief that the residence of the victim was not her "home" because she was absent therefrom (*see* CPL 470.05 [2]; *see generally* Penal Law § 15.20 [1] [a]). In any event, those contentions are without merit. Family Court Act § 759 does not define the term "home," and the meaning of that term is within the common understanding of the jury. Contrary to defendant's contention, the residence of the victim did not cease to be her "home" merely because she was on an extended vacation at the time of the crime (*see People v Dewall*, 15 AD3d 498, 501 [2005], *lv denied* 5 NY3d 787 [2005]). Further, defendant's incorrect belief concerning the legal status of the home of the victim based on her absence therefrom does not render the mistake of fact defense applicable.

We agree with defendant, however, that the court erred in reading back to the jury portions of the victim's testimony that had been stricken or with respect to which the court had sustained an objection (*see People v Porter*, 256 AD2d 363, 364 [1998], *lv denied* 93 NY2d 976 [1999]; *see also People v Roman*, 149 AD2d 305, 307 [1989]; *see generally People v McNab*, 144 Misc 2d 612, 616-617 [1989]). Nevertheless, we conclude that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see Porter*, 256 AD2d at 364; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Defendant failed to preserve for our review his further contention that the prosecutor's opening statement was insufficient (*see People v Murry*, 24 AD3d 1319 [2005], *lv denied* 6 NY3d 815 [2006]; *People v White*, 283 AD2d 964 [2001]). In any event, we conclude that it was sufficient to apprise the jury of the nature of the case (*see generally People v Kurtz*, 51 NY2d 380, 383-384 [1980], *cert denied* 451 US 911 [1981]).

Finally, we reject the contention of defendant that he was denied his right to effective assistance of counsel (*see generally People v Turner*, 5 NY3d 476, 480 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]). The failure to make motions with little or no chance of success does not constitute ineffective assistance of counsel (*see People v Lewis*, 67 AD3d 1396 [2009]; *People v DeHaney*, 66 AD3d 1040 [2009]). Further, defense counsel's failure to move for an inspection of the grand jury minutes

prior to trial does not alone constitute ineffective assistance (*see People v Coleman*, 5 AD3d 1070, 1072 [2004], *lv denied* 3 NY3d 672 [2004]). In any event, we note that, after defense counsel reviewed a portion of the grand jury minutes provided to him as *Rosario* material, he successfully obtained a reduction of the first count of the indictment, and thereafter successfully obtained an acquittal of that reduced charge. Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally Baldi*, 54 NY2d at 147). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.