People v Grady (2022 NY Slip Op 02922)

People v Grady

2022 NY Slip Op 02922

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

411 KA 20-00391

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CAMERON GRADY, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered December 12, 2019. The judgment convicted defendant upon a jury verdict of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]) stemming from his conduct in entering a convenience store at night, threatening the cashier with a knife, and taking money from the register. At trial, the cashier identified defendant as the perpetrator, and two people who were familiar with defendant identified him in a surveillance video.
Defendant contends that County Court erred in admitting in evidence his arrest photograph. "An arrest photograph may be admitted into evidence in order to establish that a defendant's appearance was different at the time of the commission of the crime than at trial" (People v Ahmr, 22 AD3d 593, 594 [2d Dept 2005], lv denied 6 NY3d 752 [2005]). The court must weigh the probative value of the evidence against its prejudice to defendant (see People v Buskey, 13 AD3d 1058, 1059 [4th Dept 2004]). Here, the court found that the probative value of the photograph was significant in that it was taken just three days after the robbery and 15 months prior to the trial. In addition, the prejudice to defendant was minimal inasmuch as the jury was advised that the photograph was taken at the time of defendant's arrest for this charge (see People v Thiessen, 158 AD2d 737, 740 [3d Dept 1990], mod on other grounds 76 NY2d 816 [1990]; People v Johnston, 43 AD3d 1273, 1274 [4th Dept 2007], lv denied 9 NY3d 1007 [2007]). The court thus properly admitted the photograph in evidence to show defendant's appearance at the time of the crime (see People v Gadson, 236 AD2d 421, 422 [2d Dept 1997], lv denied 89 NY2d 1011 [1997]; Thiessen, 158 AD2d at 740; People v Greenridge, 46 AD2d 947, 948 [3d Dept 1974]).
Defendant failed to preserve for our review his contention that the court erred in allowing one of the witnesses to identify defendant in the surveillance video (see People v Sampson, 289 AD2d 1022, 1023 [4th Dept 2001], lv denied 97 NY2d 733 [2002]). In any event, that contention is without merit. "A lay witness may give an opinion concerning the identity of a person depicted in a surveillance [video] if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the [video] than is the jury" (People v Mosley, 200 AD3d 1658, 1659 [4th Dept 2021] [internal quotation marks omitted]; see People v Russell, 165 AD2d 327, 336 [2d Dept 1991], affd 79 NY2d 1024 [1992]; People v Graham, 174 AD3d 1486, 1487-1488 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]). Here, the witness had known defendant for several years and had worked with him. Besides identifying defendant from his appearance, the witness identified defendant in the video from the "way he[] walk[s]" and his "whole demeanor." In addition, the witness could identify defendant in the video based [*2]on his voice. We therefore conclude that the court did not abuse its discretion in permitting the testimony " 'to aid the jury in making an independent assessment regarding whether the man in the [video] was indeed the defendant' " (Mosley, 200 AD3d at 1659; see People v Gambale, 158 AD3d 1051, 1053 [4th Dept 2018], lv denied 31 NY3d 1081 [2018]).
Defendant contends that the prosecutor improperly bolstered the credibility of the identification witnesses by a certain question asked during direct examination and that the prosecutor improperly shifted the burden of proof on summation. Defendant failed to preserve those contentions for our review because he either failed to object or did not set forth the reasons for his objection (see People v Wolff, 103 AD3d 1264, 1265 [4th Dept 2013], lv denied 21 NY3d 948 [2013]). We decline to exercise our power to review his contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that he was punished for exercising his right to trial (see People v Nowlin, 145 AD3d 1447, 1451 [4th Dept 2016], lv denied 29 NY3d 1035 [2017]). The sentence is not unduly harsh or severe. Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted upon a plea of guilty, and it must therefore be amended to reflect that he was convicted upon a jury verdict.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court